UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-20047-CIV-BECERRA/TORRES

ENRICO DELUCA,

    *Plaintiff*,

v.

MW INTERNATIONAL VENTURES LLC
d/b/a SOCIAL MOBILE and
ROBERT MORCOS, individually,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This matter is before the Court on Defendants MW International Ventures LLC d/b/a/ Social Mobile ("Social Mobile") and Robert Morcos' ("Morcos," and, together, "Defendants") motion to dismiss Plaintiff Enrico DeLuca's Complaint. [D.E. 7]. Plaintiff timely filed his response in opposition [D.E. 9], and Defendants timely replied [D.E. 14]. Therefore, Defendants' motion is now ripe for disposition. For the reasons discussed below, Defendants' motion to dismiss should be **GRANTED**.[1]

### *I.  BACKGROUND*

According to the Complaint, Plaintiff worked for Defendants as an inside sales employee from March 11, 2024, to August 29, 2024. [D.E. 1 ¶¶ 9, 12]. Plaintiff's role

---

[1] On March 14, 2025, the Honorable Jacqueline Becerra referred Defendants' motion to the undersigned Magistrate Judge for a report and recommendation. [D.E. 15].

1

was largely remote and did not require him to supervise or otherwise manage employees. *Id.* ¶¶ 13–15. He also he did not "exercise independent authority over significant [or managerial] matters" for the business. *Id.* Further, Plaintiff alleges that he was misclassified as an exempt employee under the FLSA and thus was not appropriately paid overtime wages, despite working "more than forty (40) hours per week." *Id.* ¶¶ 17, 22. The Complaint does not contain specifics regarding Plaintiff's role as an inside sales employee, nor does it describe the nature of Social Mobile's business.

## II.     APPLICABLE PRINCIPLES AND LAW

In ruling on Defendants' motion to dismiss, the Court takes the allegations in the Complaint as true and construes the allegations "in the light most favorable to the plaintiff." *Rivell v. Private Heath Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts . . . 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long City*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted; alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   ANALYSIS

#### A.   *Principles of the FLSA*

The FLSA mandates that an "employee[ ]" who is "engaged in interstate commerce" must be paid an overtime wage of one and one-half times their regular rate for all hours they work in excess of forty hours per week. 29 U.S.C. § 207(a). If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against their employer for the recovery of unpaid overtime wages and backpay. *Id.* § 216(b).[2] As defined by the statute, and subject to certain exceptions, an employee is "any individual employed by an employer." *Id.* §

---

[2] Section 216(b) provides in relevant part, "[a]ny employer who violates the provisions of [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

3

203(e)(1). The statutory definition of "employer" is similarly broad; it encompasses both the employer for whom the employee directly works as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). Therefore, the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment. *See Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)) (explaining that a person is derivatively liable if he is intimately involved in the day-to-day operations of an employer that would be directly liable under FLSA).

To qualify for FLSA overtime, an employee must demonstrate that he is covered by the FLSA. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1299 (11th Cir. 2011). There are two possible types of FLSA coverage. *See, e.g.*, *Ares v. Manuel Diaz Farms, Inc.*, 281 F.3d 1054, 1056 (11th Cir. 2003) (citing 29 U.S.C. § 207(a)(1)). First, an employee may claim "individual coverage" if he regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005)); *see also* 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees . . . engaged in [interstate] commerce or in the production of goods for [interstate] commerce"). Second, an employee is subject to enterprise coverage if he is "employed in an

enterprise engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), where commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any state and any place outsider thereof," *id.* § 203(b), and an "enterprise" is the activities performed by a person or persons who are (1) engaged in "related activities," (2) under "unified operation or common control," and (3) have a "common business purpose," *id.* § 203(r)(1). An employee may be subject to either type, or both types, of FLSA coverage. *See Ares*, 318 F.3d at 1056 (citing 29 U.S.C. § 207(a)(1)).

### B. *Whether Plaintiff States a Claim for FLSA Coverage*

Defendants' motion makes two arguments that both separately allege that Plaintiff fails to state a claim. [D.E. 7 at 4–6]. First, Defendants contend that Plaintiff failed to "allege ***any*** facts to support ***any*** claim that Plaintiff was misclassified as an exempt employee" and instead "relies entirely on threadbare and boilerplate assertions that simply track the elements of the FLSA's white-collar exemption tests." *Id.* at 4. Second, Defendants allege that Plaintiff's "own admissions, in other public records, confirm that he was an exempt employee." *Id.* at 6.

As an initial matter and regarding Plaintiff's public records admissions, the scope of our review of the motion to dismiss is "limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002); *see Cubas v. Tennis View Condo. Ass'n, Inc.*, No. 06-22072-CIV, 2007 WL 9703424, at *1 (S.D. Fla. Jan. 22, 2007) ("The scope of the court's review of a motion to dismiss is

5

limited to the four corners of the complaint."); *see also Phifer v. Hyundai Power Transformers USA*, 522 F. Supp. 3d 1102, 1107 (M.D. Ala. 2021). There is no accompanying motion for judicial notice, nor any other reason we see to depart from that limitation. *See Anderson v. Cuenca Safety & Crime Prevention, Inc.*, No. 8:13-CV-1500-T-33, 2013 WL 5587941, at *2 (M.D. Fla. Oct. 9, 2013) ("At the outset, the Court notes that the parties have provided documents external to the Amended Complaint at the motion to dismiss stage. The Court declines to evaluate the extraneous documents . . . . As such, the court will confine its analysis to the four corners of the Amended Complaint."). Accordingly, we cannot look outside the four corners of Plaintiff's Complaint in assessing Defendants' motion to dismiss.

Turning to Defendants' remaining argument as to Plaintiff's alleged facts, Defendants' stated issue with Plaintiff's misclassification claim is somewhat of a red herring. It is true that to bring any claim under the FLSA, Plaintiff must demonstrate that he is covered under the FLSA. *Josendis*, 662 F.3d at 1299. Plaintiff here alleges that his "work did not meet the criteria for any exemption under the FLSA" and "Defendants improperly classified him as exempt to evade their obligation to pay the required overtime compensation." [D.E. 1 ¶ 17]. For his part, Plaintiff's Complaint and opposition to this motion provide little context regarding what category of employee he was allegedly misclassified as, but ultimately appear to agree with Defendants in a footnote that the misapplied classification was that of an "administrative exemption." *See* [D.E. 9 at 7 n.2].[3]

---

[3] "Certain classes of employees . . . are exempt from [the FLSA] provisions. Among these exempt individuals are those 'employed in a bona fide executive,

6

But Defendants' argument seems to conflate Plaintiff's allegations as to his misclassification with a failure to meet the pleading standard under the FLSA, generally.  For instance, the case Defendants cite for the proposition that "[c]ourts in this district and around the country have consistently dismissed complaints that rest on similarly formulaic allegations of FLSA liability," *Sanchez v. Piripi VMP, LLC*, does not even discuss an executive/administrative exemption (or, any other exemption, for that matter).  [D.E. 7 at 5] (citing *Sanchez v. Piripi VMP, LLC*, No. 15-24166-CIV, 2016 WL 950954, at *2 (S.D. Fla. Mar. 7, 2016)).  *Sanchez* states only that a Court in this District "agree[d] with the Defendants that th[e] complaint merely contain[ed] a formulaic recitation of the elements of a FLSA *cause of action*."  2016 WL 950954, at *2 (emphasis added).

That Plaintiff's allegations as to his misclassification hew closely to the tenets of the exemption[4] is perhaps somewhat unavoidable—his non-exempt status would

---

administrative, or professional capacity … or in the capacity of outside salesman ….'"  *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 97 (2015).
[4] As to executive employees, the Code of Federal Regulations provides:

> (a)   The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
>   (1)   Compensated on a salary basis at not less than the level set forth in § 541.600;
>   (2)   Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>   (3)   Who customarily and regularly directs the work of two or more other employees; and
>   (4)   Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees is given particular weight.

arise by virtue of *not being* like the executive employees described in 29 C.F.R. § 541.100(a). *Compare* [D.E. 1 ¶¶ 14 ("Plaintiff did not supervise or manage employees and had no direct reports[.]"), 16 ("Plaintiff was subject to close oversight by Defendants, including . . . increased micromanagement from [the] Director of Strategic Partnerships . . . , his direct supervisor[.]")] *with* 29 C.F.R. § 541.100(a)(2) ("[The executive employee's] primary duty is management of the enterprise[.]"), (4) ("[The executive employee] has the authority to hire or fire other employees[.]"). This is not fatal. Viewing these allegations in a light most favorable to Plaintiff, the question is, then: assuming *arguendo* Plaintiff was improperly classified, has he properly stated a claim for coverage under the FLSA?

An employee can demonstrate individual[5] coverage if they "regularly and 'directly participat[e] in the actual movement of persons or things in interstate commerce.'" *Josendis*, 662 F.3d at 1298 (citing *Thorne*, 448 F.3d at 1266). Moreover, "[t]o properly allege individual or enterprise coverage, [the Plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to

---

29 C.F.R. § 541.100(a).

[5] We assume for the purposes of this analysis that Plaintiff is claiming only individual coverage under the FLSA, as there is no allegation that Social Mobile "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000," or, for that matter, is an enterprise at all (as defined in the statute). *See* 29 U.S.C. § 203(r)(1), (s)(1)(A)(ii). To the extent Plaintiff is alleging enterprise coverage, he has not sufficiently pled that Social Mobile is an enterprise. *See Josendis*, 662 F.3d at 1298–299. *C.f. Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-20649-CIV, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (denying motion to dismiss where complaint had proper allegations as to the defendant's enterprise status, including as to revenue).

interstate commerce." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012).

Plaintiff alleges the following, as relevant here:

9. Plaintiff was employed by Defendants from March 11, 2024, until his unlawful termination on August 29, 2024.
10. Plaintiff regularly worked a minimum of fifty (50) hours per week, including Monday through Friday and occasional weekends.
11. Though Plaintiff worked overtime each week, Defendants did not compensate Plaintiff for the overtime hours at the time-and-a-half rate required by the FLSA.
12. Plaintiff, an inside sales employee, was not covered by any FLSA exemption.
13. Plaintiff's primary duties did not involve performing work related to the management or general business operations of Social Mobile or its customers.
14. Plaintiff did not supervise or manage employees and had no direct reports, nor did he exercise independent authority over significant matters. Instead, his sales work required leadership approval for deals, pricing, and other significant decisions.
15. Plaintiff[] almost exclusively worked remotely[] and did not customarily and regularly engage in sales activities outside of his home or employer's office.
16. Plaintiff was subject to close oversight by Defendants, including the use of a shared calendar system for visibility into his activities, submission of weekly reports, and increased micromanagement from [the] Director of Strategic Partnerships[,] Joseph Edwards, his direct supervisor, who required detailed weekly activity reporting.
17. Plaintiff's work did not meet the criteria for any exemption under the FLSA. However, Defendants improperly classified him as exempt to evade their obligation to pay the required overtime compensation.
. . .
20. Social Mobile was an employer engaged in interstate commerce and subject to the FLSA.
21. The work was customarily, continually, and regularly performed by two or more employees, including Plaintiff.

[D.E. 1 at 2–3]. In other words, and somewhat to Defendants' earlier (albeit misplaced) point about tracking the executive exemption definition, Plaintiff's Complaint is replete with allegations about what he did *not* do or what he was *not* as

9

an employee. But there is arguably nothing about what Plaintiff *did* or *was*—or, for that matter, the nature of Social Mobile's business.

Moreover, there is no indication as to what Social Mobile does, or what Plaintiff did for Social Mobile, to substantiate the assertion that "Social Mobile was an employer engaged in interstate commerce and subject to the FLSA." [D.E. 1 at 2–3] ("Plaintiff . . . did *not* customarily and regularly engage in sales activities outside of his home or employer's office.") (emphasis added); *Ceant*, 874 F. Supp. 2d at 1378; *see Perez v. Muab, Inc.*, No. 10-62441-CIV, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) ("In the present action, Plaintiff alleges only that 'during her employment with Muab, Inc., was engaged in commerce or in the production of goods for commerce.' . . . This is a mere recitation of the statutory language."). And there is no factual assertion as to what *Plaintiff* actually did, generally—*i.e.*, the nature of his work. *Ceant*, 874 F. Supp. 2d at 1378. Plaintiff alleges that he was "an inside sales employee," but provides no additional context as to what this means relative to either him or Social Mobile engaging in interstate commerce—just that he "did not" "perform[] work related to the management or general business operations of Social Mobile or its customers." [D.E. 1 ¶¶ 12, 13].

As Plaintiff's opposition to the motion to dismiss concedes, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" [D.E. 9 at 3] (citing *Ashcroft*, 556 U.S. at 678). While true that the FLSA has no heightened pleading standard and there need not be "super detailed factual allegations," Plaintiff does need to make some factual allegations about the nature of

his work and the employer's business.  *Ceant*, 874 F. Supp. 2d at 1377–378.  More pointedly, Plaintiff must make some positive assertions—not just negative averments of what he, or the employer at-issue, are not.  *See Perez*, 2011 WL 845818, at *1, 3 (dismissing complaint where it did "not describe anything else about [the plaintiff's] duties, nor [did] it describe the business of [the d]efendants"); *Bailey v. Cooper*, No. 10-81596-CIV, 2011 WL 818110, at *1, 3 (dismissing complaint and stating that, "[s]imply put, Plaintiff must provide factual underpinnings for the legal conclusions in the Complaint").  Plaintiff thus fails to adequately state either of his claims—both of which require FLSA coverage.[6]

Accordingly, we **RECOMMEND** granting Defendants' motion to dismiss.  However, in recognition that "the requirements to state a claim of a FLSA violation are quite straightforward," *Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008), we

---

[6] We do note, however, that Plaintiff's allegations as to Morcos (that "[d]uring the relevant period, Morcos operated the day-to-day activities of Social Mobile, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff in accordance with the FLSA" and that "[d]uring the relevant period, Morcos was an owner, corporate officer, and operator of Social Mobile") would be sufficient to allege that Morcos was an employer under the FLSA.  *See Patel*, 803 F.2d at 638 (citing *Donovan*, 712 F.2d at 1514) ("'[C]orporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees . . .' were employers within the meaning of the FLSA.").  But that would be true only if Plaintiff successfully pled FLSA coverage (which, again, he did not).  In any event, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 637–38 (citation and internal quotation marks omitted).  We also note that employer liability does not hinge on the existence of an enterprise.  *Id.* at 635 ("[T]here is no case which holds that the analysis of liability under the FLSA is the same as the analysis of the existence of an enterprise under the FLSA. . . . Thus, the obligation is on each employer to pay 'each of *his* employees.'") (citing 29 U.S.C. § 206(a)) (emphasis in original).

further **RECOMMEND** granting Plaintiff leave to amend the Complaint to cure the deficiencies highlighted here.

## IV. CONCLUSION

For the foregoing reasons, we hereby **RECOMMEND** that Defendants' motion to dismiss be **GRANTED** and, further, that Plaintiff be **GRANTED** leave to amend the Complaint.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. §636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767 (11th Cir. 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 9th day of April, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge